No. 99–35198.

D.C. No. CV–96–00571–JCC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 12, 2001.

Decided July 30, 2001.

Robert MERRICK, husband, and the marital community composed thereof; Amy Jo Merrick, wife, and the marital community composed thereof, Plaintiffs–Appellants,

v.

SEATTLE POLICE DEPT.; City of Seattle; Seattle City Attorney's Office; Seattle Municipal Court; James V. Pugel, a Lieutenant with

Before McKEOWN, W. FLETCHER, and RAWLINSON, Circuit Judges.

## MEMORANDUM *

Robert and Amy Jo Merrick ("Merricks") appeal the district court's grant of partial summary judgment based on qualified immunity. The Defendants [1] contend

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. The defendants below included the Seattle Police Department, the City of Seattle and individually named police officers. This ap-

this court lacks jurisdiction because the Merricks failed to file their notice of appeal within the thirty-day time limit. For the following reasons, we conclude that we have jurisdiction and AFFIRM the decision below.

*Jurisdiction*

■ The Merricks' appeal was untimely as a result of their negligence. Nonetheless, we find the district court acted within its discretion in granting an extension to file the notice of appeal. *See Marx v. Loral Corp.*, 87 F.3d 1049, 1054 (9th Cir. 1996) (noting that "excusable neglect includes situations in which the failure to comply with a filing deadline is attributable to negligence") (internal quotations marks and citation omitted).

*Summary Judgment*

■ The district court entered partial summary judgment in favor of the Defendants on the Merricks' 42 U.S.C. § 1983 unlawful arrest action, based on qualified immunity. To determine whether a police officer is entitled to qualified immunity for alleged Fourth Amendment violations, we employ a two-part test. *Washington v. Lambert*, 98 F.3d 1181, 1192 (9th Cir.1996). The first question asks whether the right at issue is clearly established. The second question asks whether the officer could have reasonably believed his conduct was lawful. *Id.*

■ The first part of the test is a question of law to be determined by the court. *Id.* The second part is a mixed question of law and fact. *Sinaloa Lake*

*Owners Ass'n v. City of Simi Valley*, 70 F.3d 1095, 1099 (9th Cir.1995). If a reasonable officer could have believed that there was probable cause for the arrest, the officer is entitled to qualified immunity. *Id.* If there are genuine issues of material fact concerning what the officer knew or what the officer did, those issues are within the province of the jury. *Id.* In such a circumstance, a finding that the officer was entitled to qualified immunity would be erroneous. *See Act Up!/Portland v. Bagley*, 988 F.2d 868, 871–73 (9th Cir.1993).

■ It is beyond dispute that there is a clearly established right to be free from warrantless arrest where a police officer does not have probable cause to believe a crime has been committed. *Floyd v. Laws*, 929 F.2d 1390, 1394 (9th Cir.1991). The question remaining is whether the officers' conduct in this case was reasonable. After viewing the evidence in the light most favorable to the Merricks, the record supports the conclusion that the officers could have reasonably believed they had probable cause to arrest the Merricks.

The uncontradicted facts show that Mr. Merrick remained within the path of the officers, even after the order to disperse was given. Mrs. Merrick was arrested because she also failed to disperse when ordered. As she was interfering with the arrest of her husband, she said she was not going to leave him. On these facts, the police could reasonably have believed that they had probable cause to arrest her as well. Therefore, the district court did not err in granting summary judgment based

peal concerns only the false arrest claim

against the individual officers.

on qualified immunity.[2]

AFFIRMED.

---

2. The Merricks have asked us to reinstate their claims for false imprisonment and malicious prosecution if we hold the Defendants are not entitled to qualified immunity. Because we affirm the district court's decision based on qualified immunity, we do not address those portions of the appeal.

